IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, et al., ) | Case No. 12-4407-SC |
| ) | |
| Plaintiffs, ) | ORDER GRANTING MOTION TO |
| ) | <u>INTERVENE</u> |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| MARINE EXHIBITION CORPORATION ) | |
| d/b/a MIAMI SEAQUARIUM, ) | |
| ) | |
| Defendant-Intervenor. ) | |
| ) | |

On August 22, 2012, Plaintiffs Animal Legal Defense Fund, Orca Network, People for the Ethical Treatment of Animals, Inc., Howard Garrett, Shelby Proie, Patricia Sykes, and Karen Munro ("Plaintiffs") filed a complaint for declaratory and injunctive relief against Defendants United States Department of Agriculture ("USDA"), Tom Vilsack, in his official capacity as Secretary of the USDA, and Elizabeth Goldentyer, in her official capacity as Eastern Regional Director of the USDA Animal and Plant Health Inspection Service (collectively, "Federal Defendants"). Plaintiffs' complaint challenges the living conditions of an orca whale named

1   Lolita that for forty years has been held at the Miami Seaquarium
2   ("Seaquarium").  Plaintiffs assert that the Federal Defendants'
3   April 12, 2012 decision to renew the Seaquarium's license to hold
4   Lolita violated provisions of the Animal Welfare Act ("AWA"), 7
5   U.S.C. §§ 2131 et seq., and the Administrative Procedure Act
6   ("APA"), 5 U.S.C. § 706(2)(C).
7       Now pending before the Court is the Federal Defendants' motion
8   to dismiss or transfer this case.  ECF No. 16.  Federal Defendants'
9   position is that this case should be heard in either

> the U.S. District Court for the District of Columbia (the District where the agency and the Secretary of Agriculture reside), or the Eastern District of North Carolina (the District where the Eastern Regional Office of the USDA is located and where the challenged license extension decision was made), or the Southern District of Florida (the District in which [Seaquarium] and [Lolita] are located).

15  Id. at 2.  Plaintiffs argue that venue before this Court is proper.
16  ECF No. 18.  The Marine Exhibition Corporation, which does business
17  as the Seaquarium, has filed, on a proposed basis, a brief joining
18  in and in support of the Federal Defendants' motion.  ECF No. 23
19  ("Seaquarium Reply").
20      Seaquarium was not named in Plaintiffs' complaint and moves to
21  intervene.  ECF No. 19.  Plaintiffs do not oppose the motion and
22  Defendants take no position on it.  Id. at 2; ECF No. 31-1 ¶ 4.
23  Seaquarium seeks intervention as of right pursuant to Federal Rule
24  of Civil Procedure 24(a)(2) or, in the alternative, permissive
25  intervention under Federal Rule of Civil Procedure 24(b)(1).
26      The Court concludes that intervention as of right is warranted
27  and therefore considers Seaquarium's motion under only that
28  standard.  Rule 24(a)(2) motions are subject to a four-factor test:

> (1) The motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede[] its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Sutton v. Apple Computers iTunes, C 11-03911 LB, 2012 WL 691743 (N.D. Cal. Mar. 2, 2012) (citing Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc)). In applying this standard, the Court must be "guided primarily by practical and equitable considerations" and construe Rule 24 "broadly in favor of proposed intervenors." United States v. City of Los Angeles, Cal., 288 F.3d 391, 397 (9th Cir. 2002).

As to the first factor, Seaquarium's motion is timely because this case is in the earliest stages of litigation; no substantive motions other than the motion on venue have yet been filed. Second, Seaquarium has a significantly protectable interest in its license to house Lolita. Third, disposition of this action may, as a practical matter, impair or impede Seaquarium's ability to protect its interest in its license because, if Plaintiffs prevail in this action, the federal government may be obliged to rescind that license. It would be inequitable to allow Seaquarium's license to be rescinded without Seaquarium having been given the opportunity to defend it. Fourth, the Federal Defendants' interest in this litigation is different enough from Seaquarium's that their presence is not, by itself, enough to safeguard Seaquarium's interest. As Seaquarium succinctly puts it, the Federal Defendants represent the public interest, while Seaquarium represents its own, narrower business interest in exhibiting exotic wildlife. E.g.,

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 973-74 (3d Cir. 1998).

Accordingly, the motion to intervene of Marine Exhibition Corporation d/b/a Miami Seaquarium is GRANTED.

Granting that motion makes a number of other administrative matters ripe for determination:

- The Court deems Seaquarium's proposed answer to Plaintiffs' complaint, ECF No. 21, FILED as of November 16, 2012, and the Seaquarium Reply FILED as of November 20, 2012.
- Seaquarium's administrative motion requesting that the Court consider the Seaquarium Reply, ECF No. 31, is GRANTED.
- Because this Order decides Seaquarium's motion to intervene, its motion for an order shortening time to have that motion heard, ECF No. 22, is DENIED AS MOOT.
- Plaintiffs' administrative motion for leave to file a response to the Seaquarium Reply, ECF No. 34, is GRANTED. The Court deems Plaintiffs' proposed response, ECF No. 35, FILED as of November 29, 2012.

IT IS SO ORDERED.

Dated: December 3, 2012

UNITED STATES DISTRICT JUDGE